IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-WR-64,969-01






EX PARTE LARRY LYNN COCKERHAM, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. WHCP-06-20565A IN THE 91
ST DISTRICT COURT


FROM EASTLAND COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance and was sentenced to ten years' imprisonment. He did not appeal his
conviction.

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
he failed to properly investigate and file pre-trial motions prior to advising Applicant to plead guilty
to the offense charged. According to Applicant, had counsel performed a proper investigation, he
would have discovered a laboratory report showing that the quantity of methamphetamine possessed
by Applicant was less than one gram. Applicant also alleges that his guilty plea was not knowingly
and voluntarily entered, because he was advised to plead guilty to a third degree felony (enhanced
to a second degree punishment range by two prior convictions), rather than to a state jail felony,
which, according to Applicant, was the most serious offense available based on the quantity of
methamphetamine shown in the lab report. Finally, Applicant alleges that his ten-year sentence is 
unauthorized, because he should have been charged only with a state jail felony. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether a lab report exists in this case,
showing the quantity of methamphetamine possessed by Applicant. If such a report does exist, the
court shall make findings as to whether the quantity of methamphetamine possessed by Applicant
according to the lab report supports a third degree felony charge, or only a state jail felony charge. 
The trial court shall make findings as to whether Applicant's trial counsel was aware of the existence
of such a lab report prior to the entry of the plea, and if so, whether counsel properly advised
Applicant of the applicable range of punishment for the offense supported by the lab report. If
counsel advised Applicant to plead guilty to a greater degree of offense than was supported by the
quantity of methamphetamine shown by the lab report, the court shall make findings as to why. The
trial court shall make findings as to whether the performance of Applicant's trial attorney was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 30, 2006

Do not publish